Curia, per O’Neall, J.
In this case, there can be no legal ground for saying that a possession outside of the Hipp grant, can have a constructive effect to defeat it. There is no case where a title has been defeated by any trespass not amounting to an actual pedis possessio within its limits, for the statutory period. Cutting timber, marking trees, and making an entry, as by a survey, do not, of themselves, constitute such a possession as will bar the owner’s legal title. They are too fugitive and uncertain to have such an effect. • It is true, the marking of trees on lines, or making a survey, may constitute color of title, which, when connected with an actual pedis possessio of part of the land covered by the adverse title, may give constructive effect to the possession, and make it coextensive with the boundaries claimed by the party in possession; and that is what is decided by the various cases in this State, to which reference was made in the argument of the plaintiff’s attorneys.
The only ground on which the plaintiff could stand, is that which is made by the 5th ground. If, at the partition, mutual deeds had been executed, I have no doubt the defendant could not have set up his subsequently acquired paramount title against the plaintiff. For, in such a case, he would have been estopped by his deed from denying that he had title when he executed his deed ; Ree-der ads. Craig, (the name really is Garey) 3 McC. 411. If the parol partition could have the legal effect of a deed, then, in like manner, the defendant would be estopped. There is no doubt, that if actual possession had followed the partition, it would have bound the parties; 4 Johns. R. 212. Here, however, there was no possession of either part of the one hundred and seven acres, and hence no effect can be ascribed to the division between the parties. It was not binding on either.
If Slice, in 1829, had actually possessed himself of part of the moiety of the one hundred and seven acres assigned to him in the partition, his possession (if it had been continued for ten years) would have given him title, not only against Derrick, but also against the legal owners of the Hipp grant. For, as is said in Wagner et al. vs. *630 Aiton, Rice, 105, such possession would be equivalent to the conveyance of the Hipp grant to him. Indeed, under such circumstances, I would have held the possession enough to have presumed a deed from the owners of the Hipp grant, and also from Derrick, under the partition.
But the plaintiff’s misfortune is, that his possessions are all on a part of the Gregg grant outside of the Hipp grant, and which, by a separate partition between him and the defendant, although at the same time, was assigned to him. It may be, that i^ he had been twenty years in possession, holding under a 'general plat, covering the locus in quo, as well as his actual possessions, a deed might have been presumed from Derrick, coextensive with the plat. But no less time has been ruled to have such an effect. Hutchinson vs. Noland, 1 Hill, 222. The motion is dismissed.
RichaR,dson, Evans, Wakdlaw and Fhost, JJ. concurred.